UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:11-CR-97 |
| CHRISTOPHER SCOTT BOTTS, | ) | (PHILLIPS/SHIRLEY) |
| Defendant. | ) | |

## ORDER OF REVOCATION OF PRETRIAL RELEASE
## PENDING SENTENCING

A detention and revocation hearing on the Sealed Petition for Action on Conditions of Pretrial Release [Doc. 22] was held in this case on November 21, 2011. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Kim A. Tollison represented the Defendant, who was also present.

On August 9, 2011, the Defendant was released on personal recognizance with an Order Setting Conditions of Release [Doc.15]. The conditions of the Defendant's release [Doc. 15] included the conditions that he remain in the custody of his brother, Charles Botts; that he not commit another federal, state, or local crime while on bond in federal court; that he maintain or actively seek employment; that he report to the United States Probation Office as directed; that he restrict his travel to the Eastern District of Tennessee unless authorized by the Probation Office; that he avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution; that he undergo a drug assessment; that he refrain from possessing a firearm, refrain from excessive use of alcohol, and refrain from use or

1

unlawful possession of a narcotic drug or other controlled substances defined in Title 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; that he submit to any testing required by the pretrial services office or the supervising officer to determine whether he used a prohibited substance and that he refrain from obstructing or attempting to obstruct or tamper with the efficiency and accuracy of the testing or monitoring; that he participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office considers it advisable; that he remain on home detention; and that he report as soon as possible to the United States Probation Officer if he had any contact with law enforcement personnel.

The Defendant pled guilty in front of United States District Judge Phillips on September 21, 2011 and remained out on release on the conditions set forth in the Order Setting Conditions of Release [Doc.15]. His sentencing hearing on that charge is presently set for January 17, 2012 before District Judge Phillips. On November 17, 2011, this matter came before the Court[1] for an initial appearance on the Sealed Petition for Action on Conditions of Pretrial Release [Doc. 22], filed on November 10, 2011. The petition states that the Defendant violated nearly every condition of his release, including that he did not obtain a drug assessment, failed to report for random drug screens when his color appeared on the code-a-phone testing system, received a traffic citation, tested positive for oxycodone in early November, and was forced to leave his third-party custodian's residence after he was suspected of stealing from him. On this basis, the Government moved for detention and for revocation of the Order Setting Conditions of Release.

---

[1]The Initial Appearance on November 17, 2011 was held before the Honorable Bruce Guyton, United States Magistrate Judge.

On November 21, 2011, the Court conducted a hearing pursuant to 18 U.S.C. § 3148[2] to determine whether the Defendant had violated the terms of the Order Setting Conditions of Release and, if such violation had occurred, whether sanctions were appropriate. At the hearing, the Government moved for detention and revocation, and the Defendant requested that he be allowed to remain out on release pending his sentencing. United States Probation Officer Rhonda Monger Lay testified on behalf of the Government, and the Defendant's wife, Crystal Botts, testified on his behalf.

At the beginning of the hearing, the Defendant admitted and pled guilty to the allegations in the Sealed Petition for Action on Conditions of Pretrial Release [Doc. 22]. Because the Defendant has provided no defense to the allegations in the petition, the Court finds, by clear and convincing evidence, that he has violated his conditions of release. See 18 U.S.C. § 3148(b)(1)(B). Additionally, because the Defendant does not contest the allegations in the petition, the Court also finds that probable cause exists to believe that the Defendant committed a state or local crime, specifically a traffic violation, while on release. See 18 U.S.C. § 3148(b)(1)(A).

After hearing the testimony and considering the argument of both parties, the Court also finds that the Defendant poses a serious risk of danger to the community and that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant were to remain on bond. See 18 U.S.C. § 3148(b)(2)(A). The Defendant failed a drug test and refused to submit to many others while on release, and he also failed to obtain a drug assessment as

---

[2] The Court notes that as the Defendant has already pled guilty and is currently awaiting sentencing, this matter could have fallen under 18 U.S.C. § 3143(a), for release or detention of a defendant pending sentencing. However, because the standard under 18 U.S.C. § 3148 is less onerous for the Defendant and is also applicable in this case, the Court proceeds under that statute.

the Court ordered him to. The Defendant violated the law, and there was also some evidence before the Court that he had stolen items from his brother, who was his third-party custodian, and that he was not consistently working. Mostly importantly, the Defendant was asked to leave the home of his custodian, Charles Botts, and Ms. Monger Lay testified that Charles Botts is no longer willing to serve as the Defendant's custodian. Due to the fact that the Defendant violated nearly every condition upon which he was previously released and no longer lives with his third-party custodian, the Court further finds that the Defendant is "unlikely to abide by conditions or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B). Accordingly, the Order Setting Conditions of Release [**Doc. 15**] is hereby **REVOKED**.

The Defendant is **ORDERED** remanded to the custody of the United States Marshal to await his sentencing, which is presently set for **January 17, 2012,** before the Honorable Thomas W. Phillips, United States District Judge. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge